IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-03317-PAB-MJW

WOODBRIDGE CONDOMINIUM ASSOCIATION, INC., a Colorado
not-for-profit corporation,

    Plaintiff,

v.

RON IBARA,
ELIZABETH E. GRINDLAY, and
TOM OKEN, as Public Trustee of Pitkin County,

    Defendants.

## ORDER

This matter is before the Court on the Joint Motion to Remand [Docket No. 9] filed by plaintiff Woodbridge Condominium Association, Inc. ("Woodbridge") and defendant Tom Oken, as Public Trustee of Pitkin County.[1]  Woodbridge requests that the Court remand this case to the District Court for Pitkin County, Colorado.  Docket No. 9 at 1.

On November 1, 2011, Woodbridge filed this action in the District Court for Pitkin County, Colorado.  Docket No. 1-1 at 9.  Woodbridge sought, *inter alia*, judicial foreclosure of a homeowner lien.  *Id*.  On December 19, 2011, pursuant to 28 U.S.C. § 1444, the United States removed the case to this Court.  Docket No. 1.  The United States sought a declaration as to its priority over other liens attached to the property at

---

[1] Woodbridge, Tom Oken, and the United States are the only parties to have appeared in this case.  Docket No. 6 at 2, ¶ 6.

issue in this case. *See* Docket No. 1. On March 12, 2012, after a stipulation filed by the parties, the Court dismissed the United States from the current action [Docket No. 7]. Given that the United States is no longer a party to the present action, Woodbridge requests that the Court remand this case because the Court no longer has subject matter jurisdiction over this action. Docket No. 9 at 2.

Contrary to Woodbridge's assertion, the dismissal of the United States as a party does not necessarily prevent this Court from exercising jurisdiction over the remaining state law claims. Under 28 U.S.C. § 1367(c)(3), the Court has discretion to exercise jurisdiction over pendent state law claims. As a general proposition, "[p]endent jurisdiction is exercised on a discretionary basis, keeping in mind considerations of judicial economy, convenience and fairness to the litigants." *Bauchman v. West High School*, 132 F.3d 542, 549 (10th Cir. 1997). In the specific context of § 1367(c)(3), however, the Tenth Circuit has concluded that, "[i]f federal claims are dismissed before trial, leaving only issues of state law, 'the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.'" *Id.* (quoting *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988)). The reason courts should dismiss such claims is that "'[n]otions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary.'" *Brooks v. Gaenzle*, 614 F.3d 1213, 1230 (10th Cir. 2010) (quoting *Ball v. Renner*, 54 F.3d 664, 669 (10th Cir. 1995)).

A court's exercise of discretion, it would seem, is limited to determining whether compelling reasons justify retaining jurisdiction. *See Brooks*, 614 F.3d at 1229 (reaffirming that courts have discretion to determine whether to exercise supplemental

jurisdiction pursuant to § 1367(c)(3), but reversing the district court's grant of summary judgment on state law claims); *Endris v. Sheridan County Police Dep't*, 415 F. App'x 34, 36 (10th Cir. 2011) ("any state-law claims for assault and battery or mental and emotional injury were inappropriate subjects for the exercise of pendent jurisdiction where all federal claims had been dismissed.*"* ); *but see Henderson v. Nat'l R.R. Passenger Corp.*, 412 F. App'x 74, 79 (10th Cir. 2011) (court "should consider 'the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction'" when determining whether to exercise supplemental jurisdiction).

Where, as here, the United States, the only party requesting a federal forum, has been dismissed as a party and defendant Tom Oken does not oppose the remand, the Court declines to exercise supplemental jurisdiction over the pendent state law claims.

Accordingly, it is

**ORDERED** that the Joint Motion to Remand Case to State Court [Docket No. 9] is **GRANTED**.  It is further

**ORDERED** that this case shall be remanded to the District Court for Pitkin County, Colorado, where it was filed as Case No. 11CV273.

DATED March 16, 2012.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge